ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
718-855-5100
718-624-9552 Fax
Email: adesq@aol.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COMMODITY FUTURES TRADING                   1:18-cv-7895 (GHW)
COMMISSION,

                                    Plaintiff,

           -against-

JASON AMADA and AMADA CAPITAL
MANAGEMENT LLC,

                                    Defendant
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
MOTION FOR A STAY OF THIS ACTION**


                        Respectfully Submitted,

                        ALEXANDER M. DUDELSON, ESQ. (AD4809)
                        *Attorneys for Defendants*
                        26 Court Street - Suite 2306
                        Brooklyn, New York 11242
                        (718) 855-5100

Table of Contents:

Table of Authorities.................................................................................................ii

Preliminary Statement............................................................................................1

Statement of Facts.................................................................................................1

Argument...............................................................................................................3

    I.    A STAY OF PROCEEDINGS SHOULD BE
        GRANTED FOR THE CAUSES OF ACTION
        AGAINST DEFENDANT AMANDA.................................................................3

        A.    The issues in the criminal case are identical with those
                presented in the civil case..............................................................4

        B.    The criminal case is active and the defendant has been indicted.................5

        C.    The Private and Public Interests.......................................................6

        D.    The private interests of, and the burden on, the defendants.........................6

        E.    The interests of the courts and the public.......................................7

    II.    A STAY OF PROCEEDINGS SHOULD BE GRANTED
        FOR THE CAUSES OF ACTION AGAINST DEFENDANT ACM.......................7

Conclusion.............................................................................................................8

Table of Authorities

Statutes:

New York General Business Law § 352-c(6).................................................................1

New York Penal Law § 155.40(1)................................................................................1

Cases:

American Express Bus. Fin. Corp v. RW Prof'l Leasing Serv. Corp.,
225 F.Supp.2d 263 (E.D.N.Y. 2003)............................................................................8

Brock v. Tolkow, 109 F.R.D. 116 (E.D.N.Y.1985)........................................................6

Church & Dwight Co. v. Kaloti Enterprises of Michigan LLC,
No. 07 Civ. 612, 2008 WL 2497345 (E.D.N.Y. June 18, 2008)........................................4

Citibank v. Hakim, 92-cv-6233, 1993 WL 481335 (S.D.N.Y.1993)...................................6

Clinton v. Jones, 520 U.S. 681, 706–08, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)............................3

Crawford & Sons, Ltd. v. Besser, 298 F.Supp.2d 317 (E.D.N.Y. 2004)........................................4

Kashi v. Gratsos, 790 F.2d 1050 (2d Cir.1986)..............................................................3

Landis v. N. Am. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)...........................3

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83 (2d Cir. 2012).......................................4

Morris v. Am. Fed'n of State, Cnty. & Mun Emps.,
99-cv-5125, 2001 WL 123886 (S.D.N.Y. February 9, 2001).............................................7

In re Par Pharm., 133 F.R.D. 12 (S.D.N.Y. 1990)........................................................5, 6

Parker v. Dawson, No. 07 Civ. 1268, 2007 WL 2462677 (E.D.N.Y. August 27, 2007)...................7

S.E.C. v. Dresser Indus., 628 F.2d 1368 (D.C.Cir.1980)................................................3, 6

S.E.C. v. Musella, 38 Fed.Rules Serv.2d 426 (S.D.N.Y.1983).........................................6

S.E.C. v. Shkreli, 15-cv-7175, 2016 WL 1122029 (E.D.N.Y. March 22, 2016)

Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v.
Transworld Mechanical, Inc., 886 F.Supp. 1134 (S.D.N.Y.1995)................................................5, 6, 8

United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)............................................3

Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36 (S.D.N.Y.1993)..............5, 6, 8

**PRELIMINARY STATEMENT:**

Defendants Jason Amanda ("Amada") and Amanda Capital Management LLC ("ACM")

hereby do move this Court for an order staying this civil action as against defendants pending

resolution of the attendant criminal proceeding, <u>People v. Jason Amada</u>, Indictment No.: 3017-

2018.

This motion is made on the ground that a stay of this civil action is necessary to protect

defendant Amada's Fifth Amendment rights in connection with the above-referenced criminal

proceeding, which arises from the same underlying facts as this civil action.  In addition, the civil

action should be stayed as to defendant ACM.

**STATEMENT OF FACTS:**

On or about August 27, 2018, an impaneled Grand Jury in the Supreme Court of the State

of New York, County of New York, indicted defendant Amada after hearing a presentation by

the Attorney General of the State of New York ("AG").  The indictment charges defendant

Amada with Grand Larceny in the Second Degree in violation of New York Penal Law §

155.40(1); and a Violation of New York General Business Law § 352-c(6).  (Exhibit "A").  The

criminal indictment does not specify any facts surrounding the charges.  To date, no discovery

has been exchanged in connection with the criminal proceeding.  However, in connection with

the indictment, the AG issued a press release.  (Exhibit "B").  The press release states, among

other things, that:

> Attorney General Barbara Underwood today announced a felony indictment
> charging former stockbroker Jason Ari Amada, 41, of Forest Hills, Queens, with
> falsely claiming to be a broker who successfully traded foreign currencies through

-1-

his company, Amada Capital Management LLC, in order to lure an investor to give him over $250,000. Amada allegedly executed a contract committing to no loss greater than one percent and that he wouldn't take any commission unless he generated a profit, but still proceeded to engage in an aggressive day-trading strategy that generated over $150,000 in fees and commissions for himself – while resulting in the loss of over 99% of the investor's money.

*   *   *

According to the indictment and statements made by the prosecutor at arraignment, in the summer of 2015, Amada allegedly fraudulently solicited a client and promised to save her the exchange fees that she would have otherwise been charged when converting Euros to U.S. dollars in order to purchase an apartment in Manhattan. Amada allegedly misrepresented his professional experience and his company's historical profits and then convinced his client to open an online retail foreign exchange trading account and transfer control of approximately €250,000 to Amada. Amada also allegedly failed to disclose that his broker's license had expired three years prior, in May 2012.

In order to further induce his client to invest, Amada allegedly executed a written contract promising the client that she would not lose more than one percent of the money invested, and that he would only take a commission if the account earned a profit. Contrary to his representations, once he had control of the money, Amada allegedly engaged in an aggressive and speculative day-trading strategy involving foreign currency orders, which generated commissions for Amada regardless of whether the trades resulted in a profit or loss for his client. Within just 45 days, this strategy generated over $150,000 in fees and commissions for Amada – but resulted in the loss of over 99% of his client's initial investment of €250,000.

In an attempt to conceal the massive losses sustained in his client's account, Amada allegedly transferred some of his commissions back into the trading account – only to lose the money due to his aggressive and speculative trading strategy. Amada also allegedly diverted over $20,000 to his own personal account, which he used for various personal expenses such as dining and gambling on FanDuel. When confronted by his client about the low balance in her trading account, Amada allegedly created a fake account statement that falsely stated that her account balance was over $150,000, when in fact it was less than $3,000.

(Exhibit "B").  Within the press release, the AG commends the Commodity Futures Trading

Commission ("CFTC") and Financial Industry Regulatory Authority for their "valuable

assistance in the investigation of this case."  (Exhibit "B").  On August 29, 2018, plaintiff CFTC

commenced the instant proceeding against defendants Amada and ACM.  (Exhibit "C").

Defendant Amada is charged in a criminal indictment with alleged conduct that is identical to the allegations of the CFTC in the instant proceeding.  This is not a case of seeking a stay during a pre-indictment investigation.  Defendant Amada has in fact been indicted. Defendant Amada will be unable to offer any meaningful defense to the plaintiff's allegations, both on his own behalf and on behalf of defendant ACM, without waiving his Fifth Amendment rights.  Only the issuance of a stay of the civil proceeding pending resolution of the criminal matter will preserve defendant Amada's constitutional rights and his ability to defend this action.

## ARGUMENT:

I.   A STAY OF PROCEEDINGS SHOULD BE GRANTED FOR THE CAUSES OF ACTION AGAINST DEFENDANT AMANDA.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *accord* Clinton v. Jones, 520 U.S. 681, 706–08, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); see also United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (noting that courts may "defer [ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action"); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986) ("'[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.'" *quoting* SEC v. Dresser Indus., 628 F.2d 1368, 1372 [D.C.Cir.1980] [en banc]) (ellipses and internal quotation marks omitted).  When faced with parallel criminal proceedings, the analysis should be undertaken "in light of the particular circumstances and competing interests involved in the case" and after consideration of the "extent

to which the defendant's fifth amendment rights are implicated." See Louis Vuitton Malletier

S.A. v. LY USA, Inc., 676 F.3d 83, 98 (2d Cir. 2012) ("A district court may stay civil proceedings

when related criminal proceedings are imminent or pending, and it will sometimes be prudential to

do so.").

To determine whether to exercise their discretion to stay civil proceedings pending

disposition of a criminal case, courts consider a number of factors, including: (1) the extent to

which the issues in the criminal case overlap with those presented in the civil case; (2) the

status of the criminal case, including whether the defendants have been indicted; (3) the private

interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden

on, the defendants; (5) the interests of the courts and the public. See Crawford & Sons, Ltd. v.

Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004); Church & Dwight Co. v. Kaloti Enterprises of

Michigan LLC, No. 07 Civ. 612, 2008 WL 2497345 (E.D.N.Y. June 18, 2008).

A.      The issues in the criminal case are identical with those presented in the
        civil case.

In the matter at bar, the factual issues in defendant Amada's criminal case overlap entirely

with those presented in the case before this Court.  Mr. Amada's criminal indictment charges one

count of Grand Larceny in the Second Degree and one count of a Violation of General Business

Law Section 352-c(6), stemming from the same factual allegation in the complaint.   The criminal

indictment counts span for a period between August 1, 2015 through November 4, 2015.  The civil

complaint charges a "Relevant Period" from February 2014 through at least November of 2015.

Defendant Amada should not be saddled with the impossible burden of attempting to present his

civil defense in a manner that protects his Fifth Amendment rights, when the operative facts in the

civil complaint and the indictment mirror each other.  See <u>Trustees of the Plumbers and Pipefitters</u>

<u>Nat'l Pension Fund v. Transworld Mechanical, Inc.</u>, 886 F.Supp. 1134, 1140 (S.D.N.Y.1995);

*accord* <u>Volmar Distributors, Inc. v. New York Post Co., Inc.</u>, 152 F.R.D. 36, 39 (S.D.N.Y.1993)

("Proceeding with discovery would force these defendants into the uncomfortable position of

having to choose between waiving their Fifth Amendment privilege or effectively forfeiting the

civil suit.").  In the instant case, defendant Amada's Fifth Amendment rights hang in further

jeopardy should defendant Amada be faced with the complex burden of presenting a criminal

defense regarding the same operative facts, charged over a longer spectrum of time in the civil

complaint.  As such, defendant Amada's ability to meaningfully choose to present a civil defense

and a criminal defense is irreparably prejudiced in light of the possibility of this conflicting interest

– two cases with overlapping factual allegations, and one case including an additional spectrum of

time to the same allegations.  The prejudice and barrier that may be caused to defendant Amada's

ability to present his civil defense, consistent with the Fifth Amendment, would offend the very risk

to self-incrimination the Fifth Amendment is intended to protect.

      B.    <u>The criminal case is active and the defendant has been indicted.</u>

      On August 29, 2018, in the Supreme Court of New York, County of New York,

defendant Amada was arraigned on Indictment No.: 3017-2018.  (Exhibit "D").  Defendant

Amada's criminal indictment and commencement of proceedings on said indictment favor

granting a stay:

> A stay of a civil case is most appropriate where a party to the civil case has
> already been indicted for the same conduct for two reasons: first, the likelihood
> that a defendant may make incriminating statements is greatest after an indictment
> has issued, and second, the prejudice to the plaintiffs in the civil case is reduced
> since the criminal case will likely be quickly resolved due to Speedy Trial Act
> considerations.  See <u>In re Par Pharmaceutical, Inc.</u>, 133 F.R.D. at 13 ("The weight

of authority in this Circuit indicates that courts will stay a civil proceeding when
the criminal investigation has ripened into an indictment") (citing cases); <u>Parallel
Proceedings</u>, 129 F.R.D. at 203–04; <u>Volmar</u>, 152 F.R.D. at 39 (citing <u>Dresser</u>, 628
F.2d at 1375–76); <u>Brock</u>, 109 F.R.D. at 119. Accordingly, stays will generally not
be granted before an indictment is issued. <u>See</u>, <u>e.g.</u>, <u>Citibank v. Hakim</u>, 1993 WL
481335 (S.D.N.Y.1993) ("Although defendant Hakim allegedly is a target of a
continuing grand jury investigation, he does not claim to have been indicted.
Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground
alone") (citations omitted); <u>Securities and Exchange Commission v. Musella</u>, 38
Fed.Rules Serv.2d 426 (S.D.N.Y.1983) (defendant's pre-indictment motion to stay
civil case denied).

<u>Trustees of the Plumbers and Pipefitters Nat'l Pension Fund</u>, <u>supra</u> at 1139-1140; <u>see</u> <u>also</u> <u>In re
Par Pharm.</u>, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit
indicates that courts will stay a civil proceeding when the criminal investigation has ripened into
an indictment . . . but will deny a stay of the civil proceeding where no indictment has issued.")

C.   The Private and Public Interests.

Examination of the interests of the parties weighs in favor of a stay of this proceeding.
Plaintiff, like all plaintiffs, does have a legitimate interest in the expeditious resolution of their
case. However, plaintiff's interests "are trumped by defendants' interests in avoiding the
quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the
civil case." <u>Trustees of the Plumbers and Pipefitters Nat'l Pension Fund</u>, <u>supra</u> at 1140. It should
be noted that plaintiff's counsel advised this Court at the case management conference that
plaintiff typically does not take a position on motions in similar proceedings that involve a
parallel criminal case.

D.   The private interests of, and the burden on, the defendant.

As to the fourth factor, defendant Amada may be forced to choose between exercising his
Fifth Amendment right to remain silent and suffering a negative inference should he refuse to

participate in discovery. At the very least, defendant Amada will be forced to incur additional

expenses in defending two actions simultaneously, a burden that will likely detract from his

being able to expend all his time and resources on his criminal case. Thus, the fourth factor

militates in favor of a stay.

      E.      The interests of the courts and the public.

      While the public has an interest in the efficiency of this civil trial, it also has an interest in a

fair and prompt resolution in defendant Amada's criminal prosecution. In fact, disposition of the

criminal case may make disposing of this one more efficient. See Parker v. Dawson, No. 07 Civ.

1268, 2007 WL 2462677, at *6 (E.D.N.Y. August 27, 2007) ("[I]t is likely that the resolution of the

criminal action will, ultimately, further this Court's interest in the efficient disposition of the civil

actions."). Additionally, "[t]he public has an interest in ensuring that the criminal process is not

subverted" by ongoing civil cases. Morris v. Am. Fed'n of State, Cnty. & Mun Emps., No. 99-

cv-5125, 2001 WL 123886 at *2 (S.D.N.Y. February 9, 2001). Moreover, the public's interest in

the integrity of the criminal case is entitled to precedence over the civil litigant. See Securities

and Exchange Commission v. Shkreli, 15-cv-7175, 2016 WL 1122029 at *7 (E.D.N.Y. March 22,

2016). Absent a stay, this case will proceed to trial parallel to the criminal case, leaving the

defendant with no reasonable opportunity to offer a defense. This scenario does not further the

public's interest in a justice system that provides a viable means of securing the fair resolution of

civil and criminal matters. Conversely, a stay would promote the public interest by providing

defendant Amada with a meaningful opportunity to exercise their constitutional rights *and* present

a full and complete defense to the allegations in the civil complaint.

II.     A STAY OF PROCEEDINGS SHOULD BE GRANTED FOR THE
        CAUSES OF ACTION AGAINST DEFENDANT ACM.

Civil proceedings should also be stayed against defendant ACM because, as the alleged

sole owner and representative of ACM, defendant Amada is the sole person through whom ACM

can present a meaningful defense.  Absent a stay, the entity defendant will be precluded from

offering any meaningful defense.  ACM is not even a separate entity; ACM is merely a name by

which defendant Amada is alleged to do business.  In American Express Bus. Fin. Corp v. RW

Prof'l Leasing Serv. Corp., 225 F.Supp.2d 263, 265-266 (E.D.N.Y. 2003), the district court also

stayed civil discovery as to the entity defendant, reasoning that the entity defendant would be

unable to effectively conduct discovery and mount a defense without the availability of the

individual defendants, each of whom were executive officers of the defendant corporation. See

also  Parker, supra at *7 ("Such a stay is necessary in order to avoid duplication of discovery

efforts. . ."); Trustees of the Plumbers and Pipefitters Nat'l Pension Fund, supra at 1141 (declining

to "resolve the issue of whether the corporate defendants would be prejudiced by the individual

defendants' invocation of their Fifth Amendment rights" because "it is more efficient to grant a

complete stay as to all defendants rather than only a partial stay as to the individual ones"); Volmar

Distrib., Inc., supra at 41 ("The only real issue is whether it is more efficient for the Court to grant a

complete stay as to all defendants until People v. [one indicted defendant] is resolved rather than a

partial stay only as to [the indicted individual defendants].").

### CONCLUSION:

For all of the foregoing reasons, Defendants Jason Amada and Amada Capital

Management LLC respectfully request that this action be stayed as to the conclusion of the

criminal proceedings against defendant Jason Amada.

Dated: Brooklyn, New York
       October 22, 2018

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Defendants*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

-9-